932 F.2d 981
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Richard A. WELSH, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 91-3068.
 United States Court of Appeals, Federal Circuit.
 April 9, 1991.
 
 Before RICH, PAULINE NEWMAN and ARCHER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Richard A. Welsh (Welsh) appeals from the July 18, 1990 Initial Decision of the Administrative Judge (AJ) in Docket No. PH07529010476, which became the final decision of the Merit Systems Protection Board (Board) when it denied review on October 24, 1990. We affirm.
 
 OPINION
 
 2
 We agree with the Board that the reasons given by Welsh for filing his appeal six days late do not amount to "good cause" justifying a waiver of the Board's filing deadline. See 5 CFR 1201.22(c) and the factors set forth in Alonzo v. Dep't of the Air Force, 4 MSPR 180, 184 (1980). As alleged in his June 8, 1990 response to the AJ's Acknowledgment Order, Welsh "didn't realize it was necessary" to timely appeal and "didn't take the removal seriously until after the filing deadline." As the AJ correctly concluded, these justifications find no support in light of the clear notice provided Welsh of his right to appeal and the deadline therefor.
 
 
 3
 In his July 25, 1990 petition for review of the Initial Decision, Welsh states an additional reason for the untimeliness of his appeal; i.e., that his supervisor told him at Welsh's exit interview that "[t]his action is off the record." Welsh argues that this statement amounted to agency misinformation which should constitute good cause for his delay in filing.
 
 
 4
 We see no error in the Board's denial of the petition for review as failing to meet the criteria set forth at 5 CFR 1201.115. As respondent points out, the agency misinformation argument was clearly available at the time the record had closed, because the statement was allegedly made during Welsh's exit interview. This was not "new and material evidence [which], despite due diligence, was not available when the record closed...." 5 CFR 1201.115(c)(1).
 
 
 5
 We may set aside the Board's decision only if arbitrary, capricious, an abuse of discretion, contrary to law, or unsupported by substantial evidence. 5 USC 7703(c). Finding no such grounds present here, we accordingly affirm.